MEMORANDUM *
Frank Baldizan was convicted in California state court of manslaughter and shooting at an inhabited dwelling. The trial court sentenced Baldizan to a term of six years imprisonment for the manslaughter offense with a four-year firearm use enhancement. It sentenced Baldizan to a five-year term on the shooting at an inhabited dwelling offense, and enhanced that term with a twenty-five-years-to-life enhancement for the personal discharge of a firearm causing death. The California Court of Appeal upheld the trial court’s stay of the sentence for the manslaughter offense and imposition of the enhanced thirty-years-to-life sentence for the shooting offense.
In his habeas case, petitioner argued that the trial court should have imposed sentence on the manslaughter offense, because it had the longer potential term of imprisonment without enhancement, and that the state court of appeal’s decision retroactively applied the intervening decision in People v. Kramer, 29 Cal.4th 720, 128 Cal.Rptr.2d 407, 59 P.3d 738 (2002), and was contrary to or an unreasonable application of the Supreme Court’s holding in Bouie v. City of Columbia, 378 U.S. 347, 84 S.Ct. 1697, 12 L.Ed.2d 894 (1964). The district court correctly denied the petition.
There was no error in the imposition of the longer sentence. The decision in Kramer merely clarified state law that had been unclear, and constituted a reasonable construction of the preexisting statute. Because the decision of the California Court of Appeal applying Kramer was reasonable and foreseeable under preexisting *336 state law, a fortiori it did not violate any clearly established federal law.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.